## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

2009 JAN 22 ₽ 2: 46

PHILIP J. CHARVAT, an individual,

        Plaintiff,

v.

GVN MICHIGAN, INC., a Delaware
corporation; An entity having the initials
"HLK" of unknown type and address; An
entity having the initials "CMN" of
unknown type and address; and An entity
having the initials "IMS" of unknown type
and address,

        Defendants.

: 
:
:
:
:
:
:
:
:
:
:
:
:
:
:

**2 : 0 9 cv 5 7 1**

Civil Action No. _____

Judge **JUDGE SARGUS**

Magistrate Judge **MAGISTRATE JUDGE ABEL**

This is a re–filed case
(previous Case No. 2:06–cv–983)

### COMPLAINT FOR MONEY DAMAGES AND DECLARATORY JUDGMENT

### JURY DEMAND ENDORSED HEREON

NOW COMES PLAINTIFF PHILIP J. CHARVAT, by and through the undersigned

counsel, and brings this action to obtain money damages and declaratory judgment against

Defendants, arising from the ten unlawful telemarketing calls that one or more of the Defendants

made to Plaintiff at his residence in disregard and violation of well-established federal and Ohio

laws prohibiting such calls, and other unlawful activities of Defendants.

### The Parties

1.    Plaintiff Philip J. Charvat ("Charvat" or "Plaintiff") is a living person and individual

who resides at 636 Colony Drive, Westerville, Franklin County, Ohio 43081.  At his residence,

Plaintiff is a residential telephone subscriber, and he places and receives telephone calls through the

use of one or more telephones connected to an outside telephone line having the telephone number

of (614) 895–1351 ("Plaintiff's residential telephone number").

2.     At all times relevant hereto and upon information and belief, Defendant GVN Michigan, Inc. ("GVN"), is a Delaware corporation registered to do business in the State of Ohio.

3.     At all times relevant hereto and upon information and belief, "Defendant HLK" ("HLK") is an entity of unknown type and unknown principal place of business, has the initials "HLK", and has placed one or more of the telemarketing calls complained of herein to Plaintiff on GVN's behalf.

4.     At all times relevant hereto and upon information and belief, "Defendant CMN" ("CMN") is an entity of unknown type and unknown principal place of business, has the initials "CMN", and has placed one or more of the telemarketing calls complained of herein to Plaintiff on GVN's behalf.

5.     At all times relevant hereto and upon information and belief, "Defendant IMS" ("IMS") is an entity of unknown type and unknown principal place of business, has the initials "IMS", and has placed one or more of the telemarketing calls complained of herein to Plaintiff on GVN's behalf.

6.     Upon information and belief, the person and/or entity placing telemarketing calls to Plaintiff on behalf of GVN:

(a)     on December 9, 2005, June 6, 2006, and July 23, 2006, referred to itself as "Global Vacations", which, at the time of each of these calls, was a fictitious name that was not properly registered with the Ohio Secretary of State;

(b)     on May 28, 2005, August 31, 2006, and September 14, 2006, referred to itself as "Global Vacation Network", which, at the time of each of these calls, was a fictitious name that was not properly registered with the Ohio Secretary of State; and

(c)     on July 27, 2006, referred to itself as "GVN Travel", which, at the time of this call, was a fictitious name that was not properly registered with the Ohio Secretary of State.

7.     Defendants are subject to, and required to abide by, the laws of the United States and the State of Ohio, which include the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, *et seq*., and its related regulations ("TCPA Regulations) set forth at 47 C.F.R. §64.1200, as well as the opinions, regulations and orders issued by Courts and the Federal Communications Commission ("FCC") implementing and enforcing the TCPA, the Ohio Telephone Solicitation Sales Act ("TSSA"), R.C. §4719.01, *et seq*., and the Ohio Consumer Sales Practices Act ("CSPA"), R.C. §1345.01, *et seq.*, and applicable provisions of the Ohio Administrative Code, including O.A.C. §109:4-3-11(A)(1).

## Jurisdiction and Venue

8.     This Court has personal jurisdiction over the Parties.

9.     This Court has original subject matter jurisdiction over Plaintiff's claims under the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.*[1]

10.     This Court also has supplemental jurisdiction over Plaintiff's claims under the laws of the State of Ohio because such claims are so related to claims in this action within the Court's original subject matter jurisdiction that they form a part of the same case or controversy under Article III of the United States Constitution.

---

[1] Plaintiff and his counsel are aware of the ruling issued by the U.S. Sixth Circuit Court of Appeals in *Dun-Rite Construction, Inc. v. Amazing Tickets, Inc*., 2004 U.S. App. LEXIS 28047 (2004), in which the appeals court held that federal courts lack subject matter jurisdiction over claims brought under the TCPA.  However, since *Dun-Rite* was issued, there have been several other court rulings, including one by the United States Supreme Court, which have come to light or been issued, and which cast considerable doubt on the correctness of the ruling in *Dun-Rite*. Recently, the Honorable Magistrate Judge Michael R. Merz of the Southern District of Ohio, Western Division at Dayton, issued a Decision and Order in *David Hamilton v. United Health Group, et al*., Case No. 3:08-cv-279 (Document No. 19, September 25, 2008)(copy attached hereto), which fully supports Plaintiff's assertion herein that this Court has original subject matter jurisdiction over his TCPA claims.  In *Hamilton*, the court denied the plaintiff's motion to remand his case asserting claims under the TCPA, which he had initiated in Dayton Municipal Court,

11.    Venue is proper in this Court because all or a substantial part of the events giving rise to the claims herein occurred within the Southern District of Ohio, Eastern Division.

### Plaintiff's Claims

12.    Each of the following court decisions were on file in the Office of the Ohio Attorney, within its Public Inspection File (hereafter "PIF"), prior to the events complained of herein:

(a)    *Charvat v. Doucet* (Feb. 23, 2004) Franklin C.P. Case No. 03CVH08-9221, unreported, OAG PIF# 2218 (Filed in PIF on Feb. 27, 2004);

(b)    *Charvat v. Continental Mortgage Services, Inc*. (June 1, 2000), Franklin C.P. Case No. 99CVH12-10225, unreported; OAG PIF# 1882 (Filed in PIF on June 2, 2000);

(c)    *Burdge v. Satellite Systems Network, LLC* (May 11, 2005), Fairfield M.C. Case No. 2005 CVF 00243, unreported, OAG PIF# 2344 (Filed in PIF on May 12, 2005);

(d)    *State ex rel. Petro v. Wyatt dba Ohio Tree Transplant* (Nov. 18, 2003) Delaware C.P. Case No. 03-CV-H-10-726, unreported, OAG PIF# 2197 (Filed in PIF on Nov. 19, 2003);

(e)    *State ex rel. Petro v. Consumer Grants USA, Inc.* (Dec. 21, 2005) Franklin C.P. Case No. 04CVH-10-10754, unreported, OAG PIF# 2459 (Filed in PIF on June 22, 2006);

(f)    *Charvat v. Mobley* (Sept. 5, 2002) Franklin C.P. Case No. 02CVH-01-01, unreported, OAG PIF# 2113 (Filed in PIF on Sept. 9, 2002);

(g)    *Teleis v. Warrior Custom Golf, Inc.* (June 11, 2004), Summit M.C. Case No. 2004 CVI 1034, unreported, OAG PIF# 2257 (Filed in PIF on June 18, 2004);

(h)    *State ex rel. Celebrezze v. Mosley* (May 8, 1987), Franklin C.P. Case No. 87-CV-042228, unreported, OAG PIF# 868 (Filed in PIF on May 15, 1987);

---

finding that the federal courts have original jurisdiction over claims brought under the TCPA.

(i)     *Ladarkis v. Martin* (July 29, 1994), Summit C.P. Case No. CV94-01-0234, unreported, OAG PIF# 1436 (Filed in PIF on Aug. 9, 2004);

(j)     *State ex rel. Celebrezze v. Lloyd* (May 25, 1983), Franklin C.P. Case No. 82-CV-06–3184, unreported, OAG PIF# 5 (Filed in PIF on May 26, 1983);

(k)     *Burdge v. Kandassubs, Inc.* (Apr. 28, 2006), Butler C.P. Case No. 2005-11-3562, unreported, OAG PIF# 2429 (Filed in PIF on May 2, 2006);

(l)     *State ex rel. Montgomery v. Bayview Group, Inc.* (Sept. 16, 1998), Franklin C.P. Case No. 97CVH12-10749, unreported, OAG PIF# 1727 (Filed in PIF on Sept. 16, 1998);

(m)     *State ex rel. Montgomery v. Loan By Phone Financing dba Burlington Credit Service* (Nov. 12, 1998), Franklin C.P. Case No. 97CVH129-10750, unreported, OAG PIF# 1706 (Filed in PIF on Nov. 12, 1998); and

(n)     *State ex rel. Montgomery v. Holecek dba The Holecek Company* (Aug. 31, 2000), Stark C.P. Case No. 2000CV01490, unreported, OAG PIF# 2003 (Filed in PIF on Aug. 27, 2001).

9.     Prior to May 28, 2005, Plaintiff had never done any form of business with any of the Defendants.

10.     Upon information and belief, on May 28, 2005, at approximately 1:12 p.m., an authorized agent of GVN and one or more of the other Defendants placed a telemarketing call (the "First Call") to Plaintiff's residential telephone number for the commercial purpose of selling GVN's consumer goods and services.  The First Call was placed without Plaintiff's prior express permission or invitation.

11.     Upon information and belief, during and/or in regard to the First Call, Defendants knowingly and/or willfully:

(a)     Failed to voluntarily state the caller's telephone number or address at which the person or entity may be contacted;

(b)     Failed to record Plaintiff's residential telephone number on its Do-Not-Call List;

(c)     Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List;

(d)     Failed to maintain a record of the Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(e)     Failed to state at the beginning of the call that the purpose of the call was to make a sale;

(f)     Acted as a telephone solicitor without having obtained a certificate of registration from the Ohio Attorney General;

(g)     Failed, within the first 60 seconds of the call, to state that the purpose of the call is to effect a sale; and

(h)     Acted as a telephone solicitor without having obtained a bond.

12.     Upon information and belief, on December 6, 2005, at approximately 8:37 p.m., an authorized agent of GVN and one or more of the other Defendants placed a telemarketing call (the "Second Call") to Plaintiff's residential telephone number for the commercial purpose of selling GVN's consumer goods and services.  The Second Call was placed without Plaintiff's prior express permission or invitation.

13.     Upon information and belief, during and/or in regard to the Second Call, Defendants knowingly and/or willfully:

(a)     Failed to voluntarily state the name of the individual caller;

(b)     Failed to voluntarily state the name of the person or entity on whose behalf the

6

call is being made;

(c)     Failed to voluntarily state the caller's telephone number or address at which the person or entity may be contacted;

(d)     Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List;

(e)     Failed to maintain a record of Plaintiff's previous request that the caller place Plaintiff's name on its Do-Not-Call List;

(f)     Failed to honor the recipient's previous request that the caller place Plaintiff's name on its Do-Not-Call List;

(g)     Called the Plaintiff and failed to state at the beginning of the call that the purpose of the call is to make a sale;

(h)     Acted as a telephone solicitor without having obtained a certificate of registration from the Ohio Attorney General;

(i)     Failed, within the first 60 seconds of the call, to state the solicitor's or salesperson's true name and the company on whose behalf the solicitation is being made;

(j)     Failed, within the first 60 seconds of the call, to state that the purpose of the call is to effect a sale;

(k)     Failed, within the first 60 seconds of the call, to identify the goods or services being sold; and

(l)     Acted as a telephone solicitor without having obtained a bond.

14.     Upon information and belief, on December 8, 2005, at approximately 5:12 p.m., an authorized agent of GVN and one or more of the other Defendants placed a telemarketing call

(the "Third Call") to Plaintiff's residential telephone number for the commercial purpose of selling GVN's consumer goods and services. The Third Call was placed without Plaintiff's prior express permission or invitation.

15. Upon information and belief, during and/or in regard to the Third Call, Defendants knowingly and/or willfully:

(a)     Failed to voluntarily state the name of the individual caller;

(b)     Failed to voluntarily state the name of the person or entity on whose behalf the call is being made;

(c)     Failed to voluntarily state the caller's telephone number or address at which the person or entity may be contacted;

(d)     Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List;

(e)     Failed to maintain a record of Plaintiff's previous request that the caller place Plaintiff's name on its Do-Not-Call List;

(f)     Failed to honor the recipient's previous request that the caller place Plaintiff's name on its Do-Not-Call List;

(g)     Called the Plaintiff and failed to state at the beginning of the call that the purpose of the call is to make a sale;

(h)     Acted as a telephone solicitor without having obtained a certificate of registration from the Ohio Attorney General;

(i)     Failed, within the first 60 seconds of the call, to state the solicitor's or salesperson's true name and the company on whose behalf the solicitation is being made;

(j)     Failed, within the first 60 seconds of the call, to state that the purpose of the call is to effect a sale;

(k)    Failed, within the first 60 seconds of the call, to identify the goods or services being sold; and

(l)     Acted as a telephone solicitor without having obtained a bond.

16.    Upon information and belief, on December 9, 2005, at approximately 5:27 p.m., an authorized agent of GVN and one or more of the other Defendants placed a telemarketing call (the "Fourth Call") to Plaintiff's residential telephone number for the commercial purpose of selling GVN's consumer goods and services.  The Fourth Call was placed without Plaintiff's prior express permission or invitation.

17.    Upon information and belief, during and/or in regard to the Fourth Call, Defendants knowingly and/or willfully:

(a)    Failed to voluntarily state the name of the individual caller;

(b)    Failed to voluntarily state the name of the person or entity on whose behalf the call is being made;

(c)    Failed to voluntarily state the caller's telephone number or address at which the person or entity may be contacted;

(d)    Failed to record Plaintiff's name and Plaintiff's residential telephone number on its Do-Not-Call List;

(e)    Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List;

(f)    Failed to send Plaintiff the caller's Do-Not-Call Maintenance Policy upon demand;

9

(g)     Failed to maintain a record of Plaintiff's previous request that the caller place Plaintiff's name on its Do-Not-Call List;

(h)     Failed to honor the recipient's previous request that the caller place Plaintiff's name on its Do-Not-Call List;

(i)     Called the Plaintiff and failed to state at the beginning of the call that the purpose of the call is to make a sale;

(j)     Acted as a telephone solicitor without having obtained a certificate of registration from the Ohio Attorney General;

(k)     Failed, within the first 60 seconds of the call, to state the solicitor's or salesperson's true name and the company on whose behalf the solicitation is being made;

(l)     Failed, within the first 60 seconds of the call, to state that the purpose of the call is to effect a sale;

(m)     Failed, within the first 60 seconds of the call, to identify the goods or services being sold; and

(n)     Acted as a telephone solicitor without having obtained a bond.

18.     Upon information and belief, on June 5, 2006, at approximately 5:11 p.m., an authorized agent of GVN and one or more of the other Defendants placed a telemarketing call (the "Fifth Call") to Plaintiff's residential telephone number for the commercial purpose of selling GVN's consumer goods and services.  The Fifth Call was placed without Plaintiff's prior express permission or invitation.

19.     Upon information and belief, during and/or in regard to the Fifth Call, Defendants knowingly and/or willfully:

10

(a)     Failed to voluntarily state the name of the individual caller;

(b)     Failed to voluntarily state the name of the person or entity on whose behalf the call is being made;

(c)     Failed to voluntarily state the caller's telephone number or address at which the person or entity may be contacted;

(d)     Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List;

(e)     Failed to maintain a record of Plaintiff's previous request that the caller place Plaintiff's name on its Do-Not-Call List;

(f)     Failed to honor the recipient's previous request that the caller place Plaintiff's name on its Do-Not-Call List;

(g)     Called the Plaintiff and failed to state at the beginning of the call that the purpose of the call is to make a sale;

(h)     Acted as a telephone solicitor without having obtained a certificate of registration from the Ohio Attorney General;

(i)     Failed, within the first 60 seconds of the call, to state the solicitor's or salesperson's true name and the company on whose behalf the solicitation is being made;

(j)     Failed, within the first 60 seconds of the call, to state that the purpose of the call is to effect a sale;

(k)     Failed, within the first 60 seconds of the call, to identify the goods or services being sold; and

(l)     Acted as a telephone solicitor without having obtained a bond.

20.    Upon information and belief, on June 6, 2006, at approximately 4:50 p.m., an authorized agent of GVN and one or more of the other Defendants placed a telemarketing call (the "Sixth Call") to Plaintiff's residential telephone number for the commercial purpose of selling GVN's consumer goods and services.  The Sixth Call was placed without Plaintiff's prior express permission or invitation.

21.    Upon information and belief, during and/or in regard to the Sixth Call, Defendants knowingly and/or willfully:

(a)    Failed to voluntarily state the name of the individual caller;

(b)    Failed to voluntarily state the name of the person or entity on whose behalf the call is being made;

(c)    Failed to voluntarily state the caller's telephone number or address at which the person or entity may be contacted;

(d)    Failed to record Plaintiff's name and Plaintiff's residential telephone number on its Do-Not-Call List;

(e)    Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List;

(f)    Failed to maintain a record of Plaintiff's previous request that the caller place Plaintiff's name on its Do-Not-Call List;

(g)    Failed to honor the recipient's previous request that the caller place Plaintiff's name on its Do-Not-Call List;

(h)    Called the Plaintiff and failed to state at the beginning of the call that the purpose of the call is to make a sale;

(i)    Acted as a telephone solicitor without having obtained a certificate of registration

from the Ohio Attorney General;

(j)     Failed, within the first 60 seconds of the call, to state the solicitor's or salesperson's true name and the company on whose behalf the solicitation is being made;

(k)     Failed, within the first 60 seconds of the call, to state that the purpose of the call is to effect a sale;

(l)     Failed, within the first 60 seconds of the call, to identify the goods or services being sold; and

(m)     Acted as a telephone solicitor without having obtained a bond.

22.     Upon information and belief, on July 23, 2006, at approximately 5:55 p.m., an authorized agent of GVN and one or more of the other Defendants placed a telemarketing call (the "Seventh Call") to Plaintiff's residential telephone number for the commercial purpose of selling GVN's consumer goods and services.  The Seventh Call was placed without Plaintiff's prior express permission or invitation.

23.     Upon information and belief, during and/or in regard to the Seventh Call, Defendants knowingly and/or willfully:

(a)     Failed to voluntarily state the name of the individual caller;

(b)     Failed to voluntarily state the name of the person or entity on whose behalf the call is being made;

(c)     Failed to voluntarily state the caller's telephone number or address at which the person or entity may be contacted;

(d)     Failed to record Plaintiff's name and Plaintiff's residential telephone number on its Do-Not-Call List;

13

(e)     Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List;

(f)     Failed to maintain a record of Plaintiff's previous request that the caller place Plaintiff's name on its Do-Not-Call List;

(g)     Failed to honor the recipient's previous request that the caller place Plaintiff's name on its Do-Not-Call List;

(h)     Called the Plaintiff and failed to state at the beginning of the call that the purpose of the call is to make a sale;

(i)     Used the fictitious name of "Global Vacation Network", which the caller had not previously registered with the Ohio Secretary of State;

(j)     Acted as a telephone solicitor without having obtained a certificate of registration from the Ohio Attorney General;

(k)     Failed, within the first 60 seconds of the call, to state the solicitor's or salesperson's true name and the company on whose behalf the solicitation is being made;

(l)     Failed, within the first 60 seconds of the call, to state that the purpose of the call is to effect a sale;

(m)     Failed, within the first 60 seconds of the call, to identify the goods or services being sold; and

(n)     Acted as a telephone solicitor without having obtained a bond.

24.     Upon information and belief, on July 27, 2006, at approximately 5:45 p.m., an authorized agent of GVN and one or more of the other Defendants placed a telemarketing call (the "Eighth Call") to Plaintiff's residential telephone number for the commercial purpose of

14

selling GVN's consumer goods and services. The Eighth Call was placed without Plaintiff's prior express permission or invitation.

25. Upon information and belief, during and/or in regard to the Eighth Call, Defendants knowingly and/or willfully:

(a)    Failed to voluntarily state the name of the individual caller;

(b)    Failed to voluntarily state the name of the person or entity on whose behalf the call is being made;

(c)    Failed to voluntarily state the caller's telephone number or address at which the person or entity may be contacted;

(d)    Failed to record Plaintiff's name and Plaintiff's residential telephone number on its Do-Not-Call List;

(e)    Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List;

(f)    Failed to maintain a record of Plaintiff's previous request that the caller place Plaintiff's name on its Do-Not-Call List;

(g)    Failed to honor the recipient's previous request that the caller place Plaintiff's name on its Do-Not-Call List;

(h)    Called the Plaintiff and failed to state at the beginning of the call that the purpose of the call is to make a sale;

(i)    Used the fictitious name of "Global Vacation Network", which the caller had not previously registered with the Ohio Secretary of State;

(j)    Acted as a telephone solicitor without having obtained a certificate of registration from the Ohio Attorney General;

15

(k)     Failed, within the first 60 seconds of the call, to state the solicitor's or salesperson's true name and the company on whose behalf the solicitation is being made;

(l)     Failed, within the first 60 seconds of the call, to state that the purpose of the call is to effect a sale;

(m)     Failed, within the first 60 seconds of the call, to identify the goods or services being sold; and

(n)     Acted as a telephone solicitor without having obtained a bond.

26.     Upon information and belief, on August 31, 2006, at approximately 6:50 p.m., an authorized agent of GVN and one or more of the other Defendants placed a telemarketing call (the "Ninth Call") to Plaintiff's residential telephone number for the commercial purpose of selling GVN's consumer goods and services.  The Ninth Call was placed without Plaintiff's prior express permission or invitation.

27.     Upon information and belief, during and/or in regard to the Ninth Call, Defendants knowingly and/or willfully:

(a)     Failed to voluntarily state the name of the individual caller;

(b)     Failed to voluntarily state the caller's telephone number or address at which the person or entity may be contacted;

(c)     Failed to record Plaintiff's name and Plaintiff's residential telephone number on its Do-Not-Call List;

(d)     Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List;

(e)     Failed to maintain a record of Plaintiff's previous request that the caller place

16

Plaintiff's name on its Do-Not-Call List;

(f)     Failed to honor the recipient's previous request that the caller place Plaintiff's name on its Do-Not-Call List;

(g)     Called the Plaintiff and failed to state at the beginning of the call that the purpose of the call is to make a sale;

(h)     Acted as a telephone solicitor without having obtained a certificate of registration from the Ohio Attorney General;

(i)     Failed, within the first 60 seconds of the call, to state the solicitor's or salesperson's true name and the company on whose behalf the solicitation is being made;

(j)     Failed, within the first 60 seconds of the call, to state that the purpose of the call is to effect a sale;

(k)     Failed, within the first 60 seconds of the call, to identify the goods or services being sold; and

(l)     Acted as a telephone solicitor without having obtained a bond.

28.     Upon information and belief, on September 14, 2006, at approximately 7:46 p.m., an authorized agent of GVN and one or more of the other Defendants placed a telemarketing call (the "Tenth Call") to Plaintiff's residential telephone number for the commercial purpose of selling GVN's consumer goods and services. The Tenth Call was placed without Plaintiff's prior express permission or invitation.

29.     Upon information and belief, during and/or in regard to the Tenth Call, Defendants knowingly and/or willfully:

(a)     Failed to voluntarily state the name of the person or entity on whose behalf the

17

call is being made;

(b)     Failed to voluntarily state the caller's telephone number or address at which the person or entity may be contacted;

(c)     Failed to record Plaintiff's name and Plaintiff's residential telephone number on its Do-Not-Call List;

(d)     Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List;

(e)     Failed to maintain a record of Plaintiff's previous request that the caller place Plaintiff's name on its Do-Not-Call List;

(f)     Failed to honor the recipient's previous request that the caller place Plaintiff's name on its Do-Not-Call List;

(g)     Called the Plaintiff and failed to state at the beginning of the call that the purpose of the call is to make a sale;

(h)     Acted as a telephone solicitor without having obtained a certificate of registration from the Ohio Attorney General;

(i)     Failed, within the first 60 seconds of the call, to state the solicitor's or salesperson's true name and the company on whose behalf the solicitation is being made;

(j)     Failed, within the first 60 seconds of the call, to state that the purpose of the call is to effect a sale;

(k)     Failed, within the first 60 seconds of the call, to identify the goods or services being sold; and

(l)     Acted as a telephone solicitor without having obtained a bond.

18

30.     Upon information and belief, one or more of the Defendants acted with a common plan, scheme or design in placing the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Calls to Plaintiff's residential telephone number.

31.     Upon information and belief, one or more Defendants cooperated in, directed, authorized, requested, aided, encouraged, ratified and/or adopted the acts of one another in placing the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Calls to Plaintiff's residential telephone number.

32.     One or more Defendants, by and through their agents, acted of their own free will in engaging in the foregoing activities, and intended to contact Plaintiff's residence by telephone on multiple occasions to solicit the sale of Defendants' consumer goods or services.

33.     In regard to Defendants' First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Calls to Plaintiff's residence:

(a)     Each Defendant was a seller, lessor, assignor, franchisor, or other person engaged in the business of effecting or soliciting consumer transactions, whether or not it deals directly with consumers, and, therefore, was a "supplier" as defined in R.C. §1345.01(C);

(b)     Plaintiff was a "consumer" as defined in R.C. §1345.01(D);

(c)     Plaintiff was a "recipient" as this term is used in 47 U.S.C. §227, *et seq*.;

(d)     Each call was a solicitation to sell, lease, assign, award by chance or otherwise transfer an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household and, therefore, was a "consumer transaction" as defined in R.C. §1345.01(A);

(e)     Each call was placed for the purpose of encouraging the purchase or rental of, or

19

investment in, property, goods, or services and, therefore, each was a "telephone solicitation" as defined in 47 U.S.C. §227(a)(3);

(f)     Each call was an oral notification or advertisement that was transmitted by or on behalf of the seller of goods or services and by or through telephonic means and, therefore was a "communication" as defined in R.C. §4719.01(A)(2);

(g)     Each call was a communication to a person that was initiated by or on behalf of a telephone solicitor or by a salesman and either represented the price or quality or availability of goods or services or is used to induce the person to purchase goods or services, including, but not limited to, inducement through the offering of a gift, award, or prize, and, therefore, was a "telephone solicitation" as defined in R.C. §4719.01(A)(7);

(h)     Plaintiff was solicited to become financially obligated as a result of a telephone solicitation and, therefore, was a "purchaser" as defined in R.C. §4719.01(A)(5); and

(i)     Each Defendant was a person that engaged in telephone solicitation directly or through one or more salespersons either from a location in Ohio, or from a location outside Ohio to persons in Ohio and, therefore, was a "telephone solicitor" as defined in R.C. §4719.01(A)(8).

## COUNT 1

**(First Call – Violation of the TCPA and TCPA Regulations,
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4))**

34.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

20

35.     In placing the First Call to deliver a telephone advertising solicitation call to Plaintiff's residence, without providing to Plaintiff voluntarily during the course of the First Call the caller's telephone number or address at which the entity may be contacted, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4).

36.     Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 2

### (First Call – Violation of the TCPA and TCPA Regulations, 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))

37.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

38.     In placing the First Call to deliver a telephone solicitation to Plaintiff's residence, and failing to record Plaintiff's name and telephone number on its Do-Not-Call List pursuant to Plaintiff's request, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

39.     Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 3

### (First Call – Violation of the TCPA and TCPA Regulations, 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2))

40.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

41.     In placing the First Call to deliver a telephone solicitation to Plaintiff's residence, and failing to train the person making the call in the proper maintenance and use of its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2).

42.     Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 4

### (First Call – Violation of the TCPA and TCPA Regulations, 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))

43.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

44.     In placing the First Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

45.     Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 5

### (First Call – Violation of the CSPA, R.C. §1345.02(A))

46.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

47.     In placing the First Call to deliver a telephone advertising solicitation call to Plaintiff's residence, without providing to Plaintiff voluntarily during the course of the First Call the caller's telephone number or address at which the entity may be contacted, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4), which constitutes a knowing violation of §1345.02(A).

48.     Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 6

### (First Call – Violation of the CSPA, R.C. §1345.02(A))

49.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

50.      In placing the First Call to deliver a telephone solicitation to Plaintiff's residence, and failing to record Plaintiff's name and telephone number on its Do-Not-Call List pursuant to Plaintiff's request, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), which constitutes a knowing violation of R.C. §1345.02(A).

51.     Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 7

### (First Call – Violation of the CSPA, R.C. §1345.02(A))

52.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

53.     In placing the First Call to deliver a telephone solicitation to Plaintiff's residence, and failing to train the person making the call in the proper maintenance and use of its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2), which constitutes a knowing violation of R.C. §1345.02(A).

54.     Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 8

### (First Call – Violation of the CSPA, R.C. §1345.02(A))

55.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

56.     In placing the First Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), which constitutes a knowing violation of R.C. §1345.02(A).

57.     Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 9

### (First Call – Violation of the CSPA, R.C. §1345.02(A) and O.A.C. §109:4-3-11(A)(1))

58.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

59.     In placing the First Call to deliver a telephone solicitation to Plaintiff's residence,

and failing to begin the call with a statement that the purpose of the call is to make a sale, Defendants knowingly violated O.A.C. §109:4-3-11(A)(1) and R.C. §1345.02(A).

60.     Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 10

### (First Call – Violation of the CSPA, R.C. §1345.02(A))

61.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

62.     In acting as a telephone solicitor with respect to the First Call, without having obtained a certificate of registration from the Ohio Attorney General, Defendants knowingly violated R.C. §4719.02(A), which constitutes a knowing violation of R.C. §1345.02(A).

63.     Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 11

### (First Call – Violation of the CSPA, R.C. §1345.02(A))

64.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

65.     In failing within the first 60 seconds of the First Call to state that the purpose of the call was to effect a sale, Defendants knowingly violated R.C. §4719.06(A) and R.C. §4719.16, which constitutes a knowing violation of R.C. §1345.02(A).

66.     Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to

an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 12

### (First Call – Violation of the CSPA, R.C. §1345.02(A))

67.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

68.     In acting as a telephone solicitor with respect to the First Call, without having obtained a bond, Defendants knowingly violated R.C. §4719.04, which constitutes a knowing violation of R.C. §1345.02(A).

69.     Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 13

### (Second Call – Violation of the TCPA and TCPA Regulations, 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4))

70.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

71.     In placing the Second Call to deliver a telephone advertising solicitation call to Plaintiff's residence, without providing to Plaintiff voluntarily during the course of the Second Call the name of the individual caller, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4).

72.     Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4), Plaintiff is entitled to an award of statutory treble damages in the

amount of $1,500.

## COUNT 14

**(Second Call – Violation of the TCPA and TCPA Regulations,
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4))**

73.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

74.     In placing the Second Call to deliver a telephone advertising solicitation call to Plaintiff's residence, without providing to Plaintiff voluntarily during the course of the Second Call the name of the person or entity on whose behalf the call is being made, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4).

75.     Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 15

**(Second Call – Violation of the TCPA and TCPA Regulations,
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4))**

76.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

77.     In placing the Second Call to deliver a telephone advertising solicitation call to Plaintiff's residence, without providing to Plaintiff voluntarily during the course of the Second Call the caller's telephone number or address at which the entity may be contacted, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4).

78.     Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4), Plaintiff is entitled to an award of statutory treble damages in the

amount of $1,500.

## COUNT 16

**(Second Call – Violation of the TCPA and TCPA Regulations,
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2))**

79.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

80.     In placing the Second Call to deliver a telephone solicitation to Plaintiff's residence, and failing to train the person making the call in the proper maintenance and use of its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2).

81.     Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 17

**(Second Call – Violation of the TCPA and TCPA Regulations,
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))**

82.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

83.     In placing the Second Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

84.     Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the

amount of $1,500.

## COUNT 18

### (Second Call – Violation of the TCPA and TCPA Regulations,
### 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))

85.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

86.     In placing the Second Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

87.     Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 19

### (Second Call – Violation of the CSPA, R.C. §1345.02(A))

88.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

89.     In placing the Second Call to deliver a telephone advertising solicitation call to Plaintiff's residence, and failing to state the name of the individual caller, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4), which constitutes a knowing violation of §1345.02(A).

90.     Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award

of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 20

### (Second Call – Violation of the CSPA, R.C. §1345.02(A))

91.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

92.     In placing the Second Call to deliver a telephone advertising solicitation call to Plaintiff's residence, and failing to voluntarily state the name of the person or entity on whose behalf the call is being made, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4), which constitutes a knowing violation of §1345.02(A).

93.     Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 21

### (Second Call – Violation of the CSPA, R.C. §1345.02(A))

94.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

95.     In placing the Second Call to deliver a telephone advertising solicitation call to Plaintiff's residence, without providing to Plaintiff voluntarily during the course of the Second Call the caller's telephone number or address at which the entity may be contacted, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4), which constitutes a knowing violation of §1345.02(A).

96.     Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to

an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 22

### (Second Call – Violation of the CSPA, R.C. §1345.02(A))

97.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

98.     In placing the Second Call to deliver a telephone solicitation to Plaintiff's residence, and failing to train the person making the call in the proper maintenance and use of its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2), which constitutes a knowing violation of R.C. §1345.02(A).

99.     Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 23

### (Second Call – Violation of the CSPA, R.C. §1345.02(A))

100.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

101.     In placing the Second Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), which constitutes a knowing violation of R.C. §1345.02(A).

102.     Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to

an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 24

### (Second Call – Violation of the CSPA, R.C. §1345.02(A))

103.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

104.    In placing the Second Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), which constitutes a knowing violation of R.C. §1345.02(A).

105.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 25

### (Second Call – Violation of the CSPA, R.C. §1345.02(A) and O.A.C. §109:4-3-11(A)(1))

106.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

107.    In placing the Second Call to deliver a telephone solicitation to Plaintiff's residence, and failing to begin the call with a statement that the purpose of the call is to make a sale, Defendants knowingly violated O.A.C. §109:4-3-11(A)(1) and R.C. §1345.02(A).

108.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 26

### (Second Call – Violation of the CSPA, R.C. §1345.02(A))

109.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

110.    In acting as a telephone solicitor with respect to the Second Call, without having obtained a certificate of registration from the Ohio Attorney General, Defendants knowingly violated R.C. §4719.02(A), which constitutes a knowing violation of R.C. §1345.02(A).

111.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 27

### (Second Call – Violation of the CSPA, R.C. §1345.02(A))

112.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

113.    In failing within the first 60 seconds of the Second Call to state the solicitor's or salesperson's true name and the company on whose behalf the solicitation is being made, Defendants knowingly violated R.C. §4719.06(A) and R.C. §4719.16, which constitutes a knowing violation of R.C. §1345.02(A).

114.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 28

### (Second Call – Violation of the CSPA, R.C. §1345.02(A))

115.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

116.     In failing within the first 60 seconds of the Second Call to state that the purpose of the call was to effect a sale, Defendants knowingly violated R.C. §4719.06(A) and R.C. §4719.16, which constitutes a knowing violation of R.C. §1345.02(A).

117.     Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 29

**(Second Call – Violation of the CSPA, R.C. §1345.02(A))**

118.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

119.     In failing within the first 60 seconds of the Second Call to identify the goods or services being sold, Defendants knowingly violated R.C. §4719.06(A) and R.C. §4719.16, which constitutes a knowing violation of R.C. §1345.02(A).

120.     Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 30

**(Second Call – Violation of the CSPA, R.C. §1345.02(A))**

121.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

Case: 2:09-cv-00057-ALM-NMK Doc #: 2 Filed: 01/22/09 Page: 35 of 114  PAGEID #: 36

122.     In acting as a telephone solicitor with respect to the Second Call, without having obtained a bond, Defendants knowingly violated R.C. §4719.04, which constitutes a knowing violation of R.C. §1345.02(A).

123.     Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 31

### (Third Call – Violation of the TCPA and TCPA Regulations, 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4))

124.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

125.     In placing the Third Call to deliver a telephone advertising solicitation call to Plaintiff's residence, without providing to Plaintiff voluntarily during the course of the Third Call the name of the individual caller, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4).

126.     Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 32

### (Third Call – Violation of the TCPA and TCPA Regulations, 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4))

127.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

128.     In placing the Third Call to deliver a telephone advertising solicitation call to

Plaintiff's residence, without providing to Plaintiff voluntarily during the course of the Third Call the name of the person or entity on whose behalf the call is being made, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4).

129.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

### COUNT 33

**(Third Call – Violation of the TCPA and TCPA Regulations,
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4))**

130.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

131.    In placing the Third Call to deliver a telephone advertising solicitation call to Plaintiff's residence, without providing to Plaintiff voluntarily during the course of the Third Call the caller's telephone number or address at which the entity may be contacted, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4).

132.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

### COUNT 34

**(Third Call – Violation of the TCPA and TCPA Regulations,
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2))**

133.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

134.    In placing the Third Call to deliver a telephone solicitation to Plaintiff's residence,

36

and failing to train the person making the call in the proper maintenance and use of its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2).

135.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 35

### (Third Call – Violation of the TCPA and TCPA Regulations, 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))

136.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

137.    In placing the Third Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

138.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 36

### (Third Call – Violation of the TCPA and TCPA Regulations, 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))

139.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

140.    In placing the Third Call to deliver a telephone solicitation to Plaintiff's residence,

and failing to honor Plaintiff's previous demand that the caller place his name on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

141.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 37

### (Third Call – Violation of the CSPA, R.C. §1345.02(A))

142.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

143.    In placing the Third Call to deliver a telephone advertising solicitation call to Plaintiff's residence, and failing to state the name of the individual caller, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4), which constitutes a knowing violation of §1345.02(A).

144.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 38

### (Third Call – Violation of the CSPA, R.C. §1345.02(A))

145.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

146.    In placing the Third Call to deliver a telephone advertising solicitation call to Plaintiff's residence, and failing to voluntarily state the name of the person or entity on whose

behalf the call is being made, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4), which constitutes a knowing violation of §1345.02(A).

147.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 39

### (Third Call – Violation of the CSPA, R.C. §1345.02(A))

148.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

149.    In placing the Third Call to deliver a telephone advertising solicitation call to Plaintiff's residence, without providing to Plaintiff voluntarily during the course of the Third Call the caller's telephone number or address at which the entity may be contacted, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4), which constitutes a knowing violation of §1345.02(A).

150.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 40

### (Third Call – Violation of the CSPA, R.C. §1345.02(A))

151.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

152.    In placing the Third Call to deliver a telephone solicitation to Plaintiff's residence,

and failing to train the person making the call in the proper maintenance and use of its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2), which constitutes a knowing violation of R.C. §1345.02(A).

153.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 41

### (Third Call – Violation of the CSPA, R.C. §1345.02(A))

154.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

155.    In placing the Third Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), which constitutes a knowing violation of R.C. §1345.02(A).

156.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 42

### (Third Call – Violation of the CSPA, R.C. §1345.02(A))

157.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

158.    In placing the Third Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name on its Do-Not-Call

List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), which constitutes a knowing violation of R.C. §1345.02(A).

159.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 43

**(Third Call – Violation of the CSPA, R.C. §1345.02(A) and O.A.C. §109:4-3-11(A)(1))**

160.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

161.    In placing the Third Call to deliver a telephone solicitation to Plaintiff's residence, and failing to begin the call with a statement that the purpose of the call is to make a sale, Defendants knowingly violated O.A.C. §109:4-3-11(A)(1) and R.C. §1345.02(A).

162.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 44

**(Third Call – Violation of the CSPA, R.C. §1345.02(A))**

163.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

164.    In acting as a telephone solicitor with respect to the Third Call, without having obtained a certificate of registration from the Ohio Attorney General, Defendants knowingly violated R.C. §4719.02(A), which constitutes a knowing violation of R.C. §1345.02(A).

165.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to

41

an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

**COUNT 45**

**(Third Call – Violation of the CSPA, R.C. §1345.02(A))**

166.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

167.    In failing within the first 60 seconds of the Third Call to state the solicitor's or salesperson's true name and the company on whose behalf the solicitation is being made, Defendants knowingly violated R.C. §4719.06(A) and R.C. §4719.16, which constitutes a knowing violation of R.C. §1345.02(A).

168.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

**COUNT 46**

**(Third Call – Violation of the CSPA, R.C. §1345.02(A))**

169.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

170.    In failing within the first 60 seconds of the Third Call to state that the purpose of the call was to effect a sale, Defendants knowingly violated R.C. §4719.06(A) and R.C. §4719.16, which constitutes a knowing violation of R.C. §1345.02(A).

171.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 47

### (Third Call – Violation of the CSPA, R.C. §1345.02(A)

172.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

173.     In failing within the first 60 seconds of the Third Call to identify the goods or services being sold, Defendants knowingly violated R.C. §4719.06(A)(3), which constitutes a knowing violation of R.C. §1345.02(A).

174.     Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 48

### (Third Call – Violation of the CSPA, R.C. §1345.02(A))

175.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

176.     In acting as a telephone solicitor with respect to the Third Call, without having obtained a bond, Defendants knowingly violated R.C. §4719.04, which constitutes a knowing violation of R.C. §1345.02(A).

177.     Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 49

### (Fourth Call – Violation of the TCPA and TCPA Regulations, 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4))

178.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

179.    In placing the Fourth Call to deliver a telephone advertising solicitation call to Plaintiff's residence, without providing to Plaintiff voluntarily during the course of the Third Call the name of the individual caller, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4).

180.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 50

**(Fourth Call – Violation of the TCPA and TCPA Regulations,
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4))**

181.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

182.    In placing the Fourth Call to deliver a telephone advertising solicitation call to Plaintiff's residence, without providing to Plaintiff voluntarily during the course of the Fourth Call the name of the person or entity on whose behalf the call is being made, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4).

183.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 51

**(Fourth Call – Violation of the TCPA and TCPA Regulations,
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4))**

184.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

185.    In placing the Fourth Call to deliver a telephone advertising solicitation call to Plaintiff's residence, without providing to Plaintiff voluntarily during the course of the Fourth Call the caller's telephone number or address at which the entity may be contacted, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4).

186.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 52

### (Fourth Call –Violation of the TCPA and TCPA Regulations, 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))

187.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

188.    In placing the Fourth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to record Plaintiff's name and telephone number on its Do-Not-Call List pursuant to Plaintiff's request, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

189.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 53

### (Fourth Call – Violation of the TCPA and TCPA Regulations,

**47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2))**

190.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

191.    In placing the Fourth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to train the person making the call in the proper maintenance and use of its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2).

192.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

**COUNT 54**

**(Fourth Call – Violation of the TCPA and TCPA Regulations,**
**47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(1))**

193.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

194.    In placing the Fourth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to send the caller's Do-Not-Call Maintenance Policy upon demand, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(1).

195.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(1), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

**COUNT 55**

**(Fourth Call – Violation of the TCPA and TCPA Regulations,
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))**

196.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

197.     In placing the Fourth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

198.     Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 56

**(Fourth Call – Violation of the TCPA and TCPA Regulations,
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))**

199.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

200.     In placing the Fourth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

201.     Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 57

**(Fourth Call – Violation of the CSPA, R.C. §1345.02(A))**

202.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

203.    In placing the Fourth Call to deliver a telephone advertising solicitation call to Plaintiff's residence, and failing to state the name of the individual caller, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4), which constitutes a knowing violation of §1345.02(A).

204.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

**COUNT 58**

**(Fourth Call – Violation of the CSPA, R.C. §1345.02(A))**

205.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

206.    In placing the Fourth Call to deliver a telephone advertising solicitation call to Plaintiff's residence, and failing to voluntarily state the name of the person or entity on whose behalf the call is being made, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4), which constitutes a knowing violation of §1345.02(A).

207.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

<u>**COUNT 59**</u>

**(Fourth Call – Violation of the CSPA, R.C. §1345.02(A))**

208.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

209.    In placing the Fourth Call to deliver a telephone advertising solicitation call to Plaintiff's residence, without providing to Plaintiff voluntarily during the course of the Fourth Call the caller's telephone number or address at which the entity may be contacted, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4), which constitutes a knowing violation of §1345.02(A).

210.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

<u>**COUNT 60**</u>

**(Fourth Call – Violation of the CSPA, R.C. §1345.02(A))**

211.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

212.    In placing the Fourth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to record Plaintiff's name and telephone number on its Do-Not-Call List pursuant to Plaintiff's request, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), which constitutes a knowing violation of R.C. §1345.02(A).

213.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award

of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 61

### (Fourth Call – Violation of the CSPA, R.C. §1345.02(A))

214.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

215.    In placing the Fourth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to train the person making the call in the proper maintenance and use of Its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2), which constitutes a knowing violation of R.C. §1345.02(A).

216.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 62

### (Fourth Call – Violation of the CSPA, R.C. §1345.02(A))

217.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

218.    In placing the Fourth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to send the caller's Do-Not-Call Maintenance Policy, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(1), which constitutes a knowing violation of R.C. §1345.02(A).

219.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 63

### (Fourth Call – Violation of the CSPA, R.C. §1345.02(A))

220.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

221.    In placing the Fourth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), which constitutes a knowing violation of R.C. §1345.02(A).

222.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 64

### (Fourth Call – Violation of the CSPA, R.C. §1345.02(A))

223.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

224.    In placing the Fourth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), which constitutes a knowing violation of R.C. §1345.02(A).

225.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 65

**(Fourth Call – Violation of the CSPA, R.C. §1345.02(A) and O.A.C. §109:4-3-11(A)(1))**

226.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

227.    In placing the Fourth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to begin the call with a statement that the purpose of the call is to make a sale, Defendants knowingly violated O.A.C. §109:4-3-11(A)(1) and R.C. §1345.02(A).

228.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 66

**(Fourth Call – Violation of the CSPA, R.C. §1345.02(A))**

229.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

230.    In acting as a telephone solicitor with respect to the Fourth Call, without having obtained a certificate of registration from the Ohio Attorney General, Defendants knowingly violated R.C. §4719.02(A), which constitutes a knowing violation of R.C. §1345.02(A).

231.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 67

**(Fourth Call – Violation of the CSPA, R.C. §1345.02(A))**

232.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing

paragraphs.

233.    In failing within the first 60 seconds of the Fourth Call to state the solicitor's or salesperson's true name and the company on whose behalf the solicitation is being made, Defendants knowingly violated R.C. §4719.06(A)(1), which constitutes a knowing violation of R.C. §1345.02(A).

234.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 68

**(Fourth Call – Violation of the CSPA, R.C. §1345.02(A))**

235.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

236.    In failing within the first 60 seconds of the Fourth Call to state that the purpose of the call was to effect a sale, Defendants knowingly violated R.C. §4719.06(A)(2), which constitutes a knowing violation of R.C. §1345.02(A).

237.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 69

**(Fourth Call – Violation of the CSPA, R.C. §1345.02(A))**

238.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

239.    In failing within the first 60 seconds of the Fourth Call to identify the goods or

services being sold, Defendants knowingly violated R.C. §4719.06(A)(3), which constitutes a knowing violation of R.C. §1345.02(A).

240.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 70

### (Fourth Call – Violation of the CSPA, R.C. §1345.02(A))

241.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

242.    In acting as a telephone solicitor with respect to the Fourth Call, without having obtained a bond, Defendants knowingly violated R.C. §4719.04, which constitutes a knowing violation of R.C. §1345.02(A).

243.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 71

### (Fifth Call – Violation of the TCPA and TCPA Regulations, 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4))

244.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

245.    In placing the Fifth Call to deliver a telephone advertising solicitation call to Plaintiff's residence, without providing to Plaintiff voluntarily during the course of the Fifth Call the name of the individual caller, Defendants knowingly and/or willfully violated 47 U.S.C.

§227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4).

246.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 72

### (Fifth Call – Violation of the TCPA and TCPA Regulations, 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4))

247.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

248.    In placing the Fifth Call to deliver a telephone advertising solicitation call to Plaintiff's residence, without providing to Plaintiff voluntarily during the course of the Fifth Call the name of the person or entity on whose behalf the call is being made, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4).

249.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 73

### (Fifth Call – Violation of the TCPA and TCPA Regulations, 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4))

250.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

251.    In placing the Fifth Call to deliver a telephone advertising solicitation call to Plaintiff's residence, without providing to Plaintiff voluntarily during the course of the Fifth Call the caller's telephone number or address at which the entity may be contacted, Defendants

knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4).

252.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 74

**(Fifth Call – Violation of the TCPA and TCPA Regulations,**
**47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2))**

253.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

254.    In placing the Fifth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to train the person making the call in the proper maintenance and use of Its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2).

255.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 75

**(Fifth Call – Violation of the TCPA and TCPA Regulations,**
**47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))**

256.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

257.    In placing the Fifth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B)

and 47 C.F.R. §64.1200(d)(6).

258.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

**COUNT 76**

**(Fifth Call – Violation of the TCPA and TCPA Regulations,
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))**

259.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

260.    In placing the Fifth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

261.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

**COUNT 77**

**(Fifth Call – Violation of the CSPA, R.C. §1345.02(A))**

262.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

263.    In placing the Fifth Call to deliver a telephone advertising solicitation call to Plaintiff's residence, and failing to state the name of the individual caller, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4), which

constitutes a knowing violation of §1345.02(A).

264. Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 78

### (Fifth Call – Violation of the CSPA, R.C. §1345.02(A))

265. Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

266. In placing the Fifth Call to deliver a telephone advertising solicitation call to Plaintiff's residence, and failing to voluntarily state the name of the person or entity on whose behalf the call is being made, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4), which constitutes a knowing violation of §1345.02(A).

267. Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 79

### (Fifth Call – Violation of the CSPA, R.C. §1345.02(A))

268. Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

269. In placing the Fifth Call to deliver a telephone advertising solicitation call to Plaintiff's residence, without providing to Plaintiff voluntarily during the course of the Fifth Call the caller's telephone number or address at which the entity may be contacted, Defendants

knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4), which constitutes a knowing violation of §1345.02(A).

270.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

### COUNT 80

### (Fifth Call – Violation of the CSPA, R.C. §1345.02(A))

271.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

272.    In placing the Fifth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to train the person making the call in the proper maintenance and use of Its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2), which constitutes a knowing violation of R.C. §1345.02(A).

273.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

### COUNT 81

### (Fifth Call – Violation of the CSPA, R.C. §1345.02(A))

274.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

275.    In placing the Fifth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B)

and 47 C.F.R. §64.1200(d)(6), which constitutes a knowing violation of R.C. §1345.02(A).

276.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 82

### (Fifth Call – Violation of the CSPA, R.C. §1345.02(A))

277.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

278.    In placing the Fifth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), which constitutes a knowing violation of R.C. §1345.02(A).

279.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 83

### (Fifth Call – Violation of the CSPA, R.C. §1345.02(A) and O.A.C. §109:4-3-11(A)(1))

280.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

281.    In placing the Fifth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to begin the call with a statement that the purpose of the call is to make a sale, Defendants knowingly violated O.A.C. §109:4-3-11(A)(1) and R.C. §1345.02(A).

282.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to

an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 84

### (Fifth Call – Violation of the CSPA, R.C. §1345.02(A))

283.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

284.    In acting as a telephone solicitor with respect to the Fifth Call, without having obtained a certificate of registration from the Ohio Attorney General, Defendants knowingly violated R.C. §4719.02(A), which constitutes a knowing violation of R.C. §1345.02(A).

285.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 85

### (Fifth Call – Violation of the CSPA, R.C. §1345.02(A))

286.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

287.    In failing within the first 60 seconds of the Fifth Call to state the solicitor's or salesperson's true name and the company on whose behalf the solicitation is being made, Defendants knowingly violated R.C. §4719.06(A)(1), which constitutes a knowing violation of R.C. §1345.02(A).

288.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 86

### (Third Call – Violation of the CSPA, R.C. §1345.02(A))

289.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

290.    In failing within the first 60 seconds of the Fifth Call to state that the purpose of the call was to effect a sale, Defendants knowingly violated R.C. §4719.06(A)(2), which constitutes a knowing violation of R.C. §1345.02(A).

291.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 87

### (Fifth Call – Violation of the CSPA, R.C. §1345.02(A))

292.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

293.    In failing within the first 60 seconds of the Fifth Call to identify the goods or services being sold, Defendants knowingly violated R.C. §4719.06(A)(3), which constitutes a knowing violation of R.C. §1345.02(A).

294.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 88

### (Fifth Call – Violation of the CSPA, R.C. §1345.02(A))

295.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing

paragraphs.

296.     In acting as a telephone solicitor with respect to the Fifth Call, without having obtained a bond, Defendants knowingly violated R.C. §4719.04, which constitutes a knowing violation of R.C. §1345.02(A).

297.     Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 89

### (Sixth Call – Violation of the TCPA and TCPA Regulations, 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4))

298.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

299.     In placing the Sixth Call to deliver a telephone advertising solicitation call to Plaintiff's residence, without providing to Plaintiff voluntarily during the course of the Sixth Call the name of the individual caller, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4).

300.     Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 90

### (Sixth Call – Violation of the TCPA and TCPA Regulations, 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4))

301.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

302.     In placing the Sixth Call to deliver a telephone advertising solicitation call to Plaintiff's residence, without providing to Plaintiff voluntarily during the course of the Sixth Call the name of the person or entity on whose behalf the call is being made, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4).

303.     Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 91

### (Sixth Call – Violation of the TCPA and TCPA Regulations, 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4))

304.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

305.     In placing the Sixth Call to deliver a telephone advertising solicitation call to Plaintiff's residence, without providing to Plaintiff voluntarily during the course of the Sixth Call the caller's telephone number or address at which the entity may be contacted, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4).

306.     Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 92

### (Sixth Call –Violation of the TCPA and TCPA Regulations, 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))

307.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

308. In placing the Sixth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to record Plaintiff's name and telephone number on Its Do-Not-Call List pursuant to Plaintiff's request, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

309. Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 93

### (Sixth Call – Violation of the TCPA and TCPA Regulations, 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2))

310. Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

311. In placing the Sixth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to train the person making the call in the proper maintenance and use of Its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2).

312. Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 94

### (Sixth Call – Violation of the TCPA and TCPA Regulations, 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))

313. Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

314.     In placing the Sixth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

315.     Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 95

### (Sixth Call – Violation of the TCPA and TCPA Regulations, 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))

316.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

317.     In placing the Sixth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

318.     Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 96

### (Sixth Call – Violation of the CSPA, R.C. §1345.02(A))

319.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

320.    In placing the Sixth Call to deliver a telephone advertising solicitation call to Plaintiff's residence, and failing to state the name of the individual caller, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4), which constitutes a knowing violation of §1345.02(A).

321.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

**COUNT 97**

**(Sixth Call – Violation of the CSPA, R.C. §1345.02(A))**

322.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

323.    In placing the Sixth Call to deliver a telephone advertising solicitation call to Plaintiff's residence, and failing to voluntarily state the name of the person or entity on whose behalf the call is being made, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4), which constitutes a knowing violation of §1345.02(A).

324.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

**COUNT 98**

**(Sixth Call – Violation of the CSPA, R.C. §1345.02(A))**

325.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

326.    In placing the Sixth Call to deliver a telephone advertising solicitation call to Plaintiff's residence, without providing to Plaintiff voluntarily during the course of the Sixth Call the caller's telephone number or address at which the entity may be contacted, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4), which constitutes a knowing violation of §1345.02(A).

327.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 99

### (Sixth Call – Violation of the CSPA, R.C. §1345.02(A))

328.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

329.    In placing the Sixth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to record Plaintiff's name and telephone number on Its Do-Not-Call List pursuant to Plaintiff's request, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), which constitutes a knowing violation of R.C. §1345.02(A).

330.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 100

### (Sixth Call – Violation of the CSPA, R.C. §1345.02(A))

331.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

332.    In placing the Sixth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to train the person making the call in the proper maintenance and use of Its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2), which constitutes a knowing violation of R.C. §1345.02(A).

333.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 101

### (Sixth Call – Violation of the CSPA, R.C. §1345.02(A))

334.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

335.    In placing the Sixth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), which constitutes a knowing violation of R.C. §1345.02(A).

336.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 102

### (Sixth Call – Violation of the CSPA, R.C. §1345.02(A))

337.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

338.    In placing the Sixth Call to deliver a telephone solicitation to Plaintiff's residence,

and failing to honor Plaintiff's previous demand that the caller place his name on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), which constitutes a knowing violation of R.C. §1345.02(A).

339.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 103

### (Sixth Call – Violation of the CSPA, R.C. §1345.02(A) and O.A.C. §109:4-3-11(A)(1))

340.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

341.    In placing the Sixth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to begin the call with a statement that the purpose of the call is to make a sale, Defendants knowingly violated O.A.C. §109:4-3-11(A)(1) and R.C. §1345.02(A).

342.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 104

### (Sixth Call – Violation of the CSPA, R.C. §1345.02(A))

343.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

344.    In acting as a telephone solicitor with respect to the Sixth Call, without having obtained a certificate of registration from the Ohio Attorney General, Defendants knowingly violated R.C. §4719.02(A), which constitutes a knowing violation of R.C. §1345.02(A).

345.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 105

### (Sixth Call – Violation of the CSPA, R.C. §1345.02(A))

346.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

347.    In failing within the first 60 seconds of the Sixth Call to state the solicitor's or salesperson's true name and the company on whose behalf the solicitation is being made, Defendants knowingly violated R.C. §4719.06(A)(1), which constitutes a knowing violation of R.C. §1345.02(A).

348.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 106

### (Sixth Call – Violation of the CSPA, R.C. §1345.02(A))

349.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

350.    In failing within the first 60 seconds of the Sixth Call to state that the purpose of the call was to effect a sale, Defendants knowingly violated R.C. §4719.06(A)(2), which constitutes a knowing violation of R.C. §1345.02(A).

351.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award

of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 107

### (Sixth Call – Violation of the CSPA, R.C. §1345.02(A))

352.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

353.    In failing within the first 60 seconds of the Sixth Call to identify the goods or services being sold, Defendants knowingly violated R.C. §4719.06(A)(3), which constitutes a knowing violation of R.C. §1345.02(A).

354.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 108

### (Sixth Call – Violation of the CSPA, R.C. §1345.02(A))

355.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

356.    In acting as a telephone solicitor with respect to the Sixth Call, without having obtained a bond, Defendants knowingly violated R.C. §4719.04, which constitutes a knowing violation of R.C. §1345.02(A).

357.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 109

### (Seventh Call – Violation of the TCPA and TCPA Regulations,

**47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4))**

358.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

359.    In placing the Seventh Call to deliver a telephone advertising solicitation call to Plaintiff's residence, without providing to Plaintiff voluntarily during the course of the Seventh Call the name of the individual caller, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4).

360.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 110

**(Seventh Call – Violation of the TCPA and TCPA Regulations, 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4))**

361.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

362.    In placing the Seventh Call to deliver a telephone advertising solicitation call to Plaintiff's residence, without providing to Plaintiff voluntarily during the course of the Seventh Call the name of the person or entity on whose behalf the call is being made, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4).

363.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 111

**(Seventh Call – Violation of the TCPA and TCPA Regulations,**
**47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4))**

364.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

365.     In placing the Seventh Call to deliver a telephone advertising solicitation call to Plaintiff's residence, without providing to Plaintiff voluntarily during the course of the Seventh Call the caller's telephone number or address at which the entity may be contacted, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4).

366.     Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 112

**(Seventh Call –Violation of the TCPA and TCPA Regulations,**
**47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))**

367.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

368.     In placing the Seventh Call to deliver a telephone solicitation to Plaintiff's residence, and failing to record Plaintiff's name and telephone number on Its Do-Not-Call List pursuant to Plaintiff's request, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

369.     Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 113

**(Seventh Call – Violation of the TCPA and TCPA Regulations,
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2))**

370.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

371.    In placing the Seventh Call to deliver a telephone solicitation to Plaintiff's residence, and failing to train the person making the call in the proper maintenance and use of Its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2).

372.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 114

**(Seventh Call – Violation of the TCPA and TCPA Regulations,
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))**

373.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

374.    In placing the Seventh Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

375.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 115

**(Seventh Call – Violation of the TCPA and TCPA Regulations,
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))**

376.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

377.     In placing the Seventh Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

378.     Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 116

**(Seventh Call – Violation of the CSPA, R.C. §1345.02(A))**

379.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

380.     In placing the Seventh Call to deliver a telephone advertising solicitation call to Plaintiff's residence, and failing to state the name of the individual caller, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4), which constitutes a knowing violation of §1345.02(A).

381.     Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 117

### (Seventh Call – Violation of the CSPA, R.C. §1345.02(A))

382.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

383.    In placing the Seventh Call to deliver a telephone advertising solicitation call to Plaintiff's residence, and failing to voluntarily state the name of the person or entity on whose behalf the call is being made, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4), which constitutes a knowing violation of §1345.02(A).

384.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 118

### (Seventh Call – Violation of the CSPA, R.C. §1345.02(A))

385.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

386.    In placing the Seventh Call to deliver a telephone advertising solicitation call to Plaintiff's residence, without providing to Plaintiff voluntarily during the course of the Seventh Call the caller's telephone number or address at which the entity may be contacted, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4), which constitutes a knowing violation of §1345.02(A).

387.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award

of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

**COUNT 119**
**(Seventh Call – Violation of the CSPA, R.C. §1345.02(A))**

388.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

389.    In placing the Seventh Call to deliver a telephone solicitation to Plaintiff's residence, and failing to record Plaintiff's name and telephone number on Its Do-Not-Call List pursuant to Plaintiff's request, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), which constitutes a knowing violation of R.C. §1345.02(A).

390.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

**COUNT 120**

**(Seventh Call – Violation of the CSPA, R.C. §1345.02(A))**

391.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

392.    In placing the Seventh Call to deliver a telephone solicitation to Plaintiff's residence, and failing to train the person making the call in the proper maintenance and use of Its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2), which constitutes a knowing violation of R.C. §1345.02(A).

393.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award

of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 121

### (Seventh Call – Violation of the CSPA, R.C. §1345.02(A))

394.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

395.    In placing the Seventh Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), which constitutes a knowing violation of R.C. §1345.02(A).

396.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 122

### (Seventh Call – Violation of the CSPA, R.C. §1345.02(A))

397.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

398.    In placing the Seventh Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), which constitutes a knowing violation of R.C. §1345.02(A).

399.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award

of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 123

**(Seventh Call – Violation of the CSPA, R.C. §1345.02(A) and O.A.C. §109:4-3-11(A)(1))**

400.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

401.     In placing the Seventh Call to deliver a telephone solicitation to Plaintiff's residence, and failing to begin the call with a statement that the purpose of the call is to make a sale, Defendants knowingly violated O.A.C. §109:4-3-11(A)(1) and R.C. §1345.02(A).

402.     Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 124

**(Seventh Call – Violation of the CSPA, R.C. §1345.02(A) and O.A.C. §109:4-3-11(A)(1))**

403.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

404.     In placing the Seventh Call to deliver a telephone solicitation to Plaintiff's residence, and using a fictitious name that had not been registered with the Ohio Secretary of State, Defendants knowingly violated O.A.C. §109:4-3-11(A)(1) and R.C. §1345.02(A).

405.     Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 125

**(Seventh Call – Violation of the CSPA, R.C. §1345.02(A))**

406.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

407.    In acting as a telephone solicitor with respect to the Seventh Call, without having obtained a certificate of registration from the Ohio Attorney General, Defendants knowingly violated R.C. §4719.02(A), which constitutes a knowing violation of R.C. §1345.02(A).

408.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 126

### (Seventh Call – Violation of the CSPA, R.C. §1345.02(A))

409.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

410.    In failing within the first 60 seconds of the Seventh Call to state the solicitor's or salesperson's true name and the company on whose behalf the solicitation is being made, Defendants knowingly violated R.C. §4719.06(A)(1), which constitutes a knowing violation of R.C. §1345.02(A).

411.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 127

### (Seventh Call – Violation of the CSPA, R.C. §1345.02(A))

412.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

413.    In failing within the first 60 seconds of the Seventh Call to state that the purpose of the call was to effect a sale, Defendants knowingly violated R.C. §4719.06(A)(2), which constitutes a knowing violation of R.C. §1345.02(A).

414.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 128

### (Seventh Call – Violation of the CSPA, R.C. §1345.02(A))

415.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

416.    In failing within the first 60 seconds of the Seventh Call to identify the goods or services being sold, Defendants knowingly violated R.C. §4719.06(A)(3), which constitutes a knowing violation of R.C. §1345.02(A).

417.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 129

### (Seventh Call – Violation of the CSPA, R.C. §1345.02(A))

418.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

419.    In acting as a telephone solicitor with respect to the Seventh Call, without having obtained a bond, Defendants knowingly violated R.C. §4719.04, which constitutes a knowing violation of R.C. §1345.02(A).

420.     Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 130

### (Eighth Call – Violation of the TCPA and TCPA Regulations, 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4))

421.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

422.     In placing the Eighth Call to deliver a telephone advertising solicitation call to Plaintiff's residence, without providing to Plaintiff voluntarily during the course of the Eighth Call the name of the individual caller, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4).

423.     Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 131

### (Eighth Call – Violation of the TCPA and TCPA Regulations, 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4))

424.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

425.     In placing the Eighth Call to deliver a telephone advertising solicitation call to Plaintiff's residence, without providing to Plaintiff voluntarily during the course of the Eighth Call the name of the person or entity on whose behalf the call is being made, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4).

426. Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 132

### (Eighth Call – Violation of the TCPA and TCPA Regulations, 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4))

427. Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

428. In placing the Eighth Call to deliver a telephone advertising solicitation call to Plaintiff's residence, without providing to Plaintiff voluntarily during the course of the Eighth Call the caller's telephone number or address at which the entity may be contacted, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4).

429. Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 133

### (Eighth Call –Violation of the TCPA and TCPA Regulations, 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))

430. Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

431. In placing the Eighth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to record Plaintiff's name and telephone number on Its Do-Not-Call List pursuant to Plaintiff's request, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

432.     Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 134

**(Eighth Call – Violation of the TCPA and TCPA Regulations,
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2))**

433.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

434.     In placing the Eighth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to train the person making the call in the proper maintenance and use of Its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2).

435.     Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 135

**(Eighth Call – Violation of the TCPA and TCPA Regulations,
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))**

436.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

437.     In placing the Eighth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

438.     Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 136

### (Eighth Call – Violation of the TCPA and TCPA Regulations, 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))

439.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

440.     In placing the Eighth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

441.     Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 137

### (Eighth Call – Violation of the CSPA, R.C. §1345.02(A))

442.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

443.     In placing the Eighth Call to deliver a telephone advertising solicitation call to Plaintiff's residence, and failing to state the name of the individual caller, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4), which constitutes a knowing violation of §1345.02(A).

444.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 138

### (Eighth Call – Violation of the CSPA, R.C. §1345.02(A))

445.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

446.    In placing the Eighth Call to deliver a telephone advertising solicitation call to Plaintiff's residence, and failing to voluntarily state the name of the person or entity on whose behalf the call is being made, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4), which constitutes a knowing violation of §1345.02(A).

447.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 139

### (Eighth Call – Violation of the CSPA, R.C. §1345.02(A))

448.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

449.    In placing the Eighth Call to deliver a telephone advertising solicitation call to Plaintiff's residence, without providing to Plaintiff voluntarily during the course of the Eighth Call the caller's telephone number or address at which the entity may be contacted, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4),

which constitutes a knowing violation of §1345.02(A).

450. Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 140

### (Eighth Call – Violation of the CSPA, R.C. §1345.02(A))

451. Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

452. In placing the Eighth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to record Plaintiff's name and telephone number on Its Do-Not-Call List pursuant to Plaintiff's request, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), which constitutes a knowing violation of R.C. §1345.02(A).

453. Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 141

### (Eighth Call – Violation of the CSPA, R.C. §1345.02(A))

454. Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

455. In placing the Eighth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to train the person making the call in the proper maintenance and use of Its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and

47 C.F.R. §64.1200(d)(2), which constitutes a knowing violation of R.C. §1345.02(A).

456.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 142

### (Eighth Call – Violation of the CSPA, R.C. §1345.02(A))

457.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

458.    In placing the Eighth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), which constitutes a knowing violation of R.C. §1345.02(A).

459.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 143

### (Eighth Call – Violation of the CSPA, R.C. §1345.02(A))

460.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

461.    In placing the Eighth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and

47 C.F.R. §64.1200(d)(3), which constitutes a knowing violation of R.C. §1345.02(A).

462.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 144

**(Eighth Call – Violation of the CSPA, R.C. §1345.02(A) and O.A.C. §109:4-3-11(A)(1))**

463.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

464.    In placing the Eighth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to begin the call with a statement that the purpose of the call is to make a sale, Defendants knowingly violated O.A.C. §109:4-3-11(A)(1) and R.C. §1345.02(A).

465.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 145

**(Eighth Call – Violation of the CSPA, R.C. §1345.02(A) and O.A.C. §109:4-3-11(A)(1))**

466.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

467.    In placing the Eighth Call to deliver a telephone solicitation to Plaintiff's residence, and using a fictitious name that had not been registered with the Ohio Secretary of State, Defendants knowingly violated O.A.C. §109:4-3-11(A)(1) and R.C. §1345.02(A).

468.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award

of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 146

### (Eighth Call – Violation of the CSPA, R.C. §1345.02(A))

469.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

470.    In acting as a telephone solicitor with respect to the Eighth Call, without having obtained a certificate of registration from the Ohio Attorney General, Defendants knowingly violated R.C. §4719.02(A), which constitutes a knowing violation of R.C. §1345.02(A).

471.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 147

### (Eighth Call – Violation of the CSPA, R.C. §1345.02(A))

472.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

473.    In failing within the first 60 seconds of the Eighth Call to state the solicitor's or salesperson's true name and the company on whose behalf the solicitation is being made, Defendants knowingly violated R.C. §4719.06(A)(1), which constitutes a knowing violation of R.C. §1345.02(A).

474.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 148

91

**(Eighth Call – Violation of the CSPA, R.C. §1345.02(A))**

475.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

476.     In failing within the first 60 seconds of the Eighth Call to state that the purpose of the call was to effect a sale, Defendants knowingly violated R.C. §4719.06(A)(2), which constitutes a knowing violation of R.C. §1345.02(A).

477.     Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

**COUNT 149**

**(Eighth Call – Violation of the CSPA, R.C. §1345.02(A))**

478.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

479.     In failing within the first 60 seconds of the Eighth Call to identify the goods or services being sold, Defendants knowingly violated R.C. §4719.06(A)(3), which constitutes a knowing violation of R.C. §1345.02(A).

480.     Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

**COUNT 150**

**(Eighth Call – Violation of the CSPA, R.C. §1345.02(A))**

481.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing

paragraphs.

482.     In acting as a telephone solicitor with respect to the Eighth Call, without having obtained a bond, Defendants knowingly violated R.C. §4719.04, which constitutes a knowing violation of R.C. §1345.02(A).

483.     Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 151

### (Ninth Call – Violation of the TCPA and TCPA Regulations, 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4))

484.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

485.     In placing the Ninth Call to deliver a telephone advertising solicitation call to Plaintiff's residence, without providing to Plaintiff voluntarily during the course of the Ninth Call the name of the individual caller, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4).

486.     Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 152

### (Ninth Call – Violation of the TCPA and TCPA Regulations, 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4))

487.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

93

488.    In placing the Ninth Call to deliver a telephone advertising solicitation call to Plaintiff's residence, without providing to Plaintiff voluntarily during the course of the Ninth Call the caller's telephone number or address at which the entity may be contacted, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4).

489.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 153

### (Ninth Call –Violation of the TCPA and TCPA Regulations, 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))

490.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

491.    In placing the Ninth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to record Plaintiff's name and telephone number on Its Do-Not-Call List pursuant to Plaintiff's request, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

492.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 154

### (Ninth Call – Violation of the TCPA and TCPA Regulations, 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2))

493.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

494.    In placing the Ninth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to train the person making the call in the proper maintenance and use of Its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2).

495.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 155

### (Ninth Call – Violation of the TCPA and TCPA Regulations, 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))

496.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

497.    In placing the Ninth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

498.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 156

### (Ninth Call – Violation of the TCPA and TCPA Regulations, 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))

499.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

500.    In placing the Ninth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

501.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 157

### (Ninth Call – Violation of the CSPA, R.C. §1345.02(A))

502.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

503.    In placing the Ninth Call to deliver a telephone advertising solicitation call to Plaintiff's residence, and failing to state the name of the individual caller, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4), which constitutes a knowing violation of §1345.02(A).

504.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 158

### (Ninth Call – Violation of the CSPA, R.C. §1345.02(A))

505.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

506.    In placing the Ninth Call to deliver a telephone advertising solicitation call to

96

Plaintiff's residence, without providing to Plaintiff voluntarily during the course of the Ninth Call the caller's telephone number or address at which the entity may be contacted, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4), which constitutes a knowing violation of §1345.02(A).

507.     Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 159

### (Ninth Call – Violation of the CSPA, R.C. §1345.02(A))

508.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

509.     In placing the Ninth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to record Plaintiff's name and telephone number on Its Do-Not-Call List pursuant to Plaintiff's request, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), which constitutes a knowing violation of R.C. §1345.02(A).

510.     Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 160

### (Ninth Call – Violation of the CSPA, R.C. §1345.02(A))

511.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

512.     In placing the Ninth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to train the person making the call in the proper maintenance and use of Its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2), which constitutes a knowing violation of R.C. §1345.02(A).

513.     Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 161

### (Ninth Call – Violation of the CSPA, R.C. §1345.02(A))

514.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

515.     In placing the Ninth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), which constitutes a knowing violation of R.C. §1345.02(A).

516.     Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 162

### (Ninth Call – Violation of the CSPA, R.C. §1345.02(A))

517.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

518.    In placing the Ninth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), which constitutes a knowing violation of R.C. §1345.02(A).

519.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 163

**(Ninth Call – Violation of the CSPA, R.C. §1345.02(A) and O.A.C. §109:4-3-11(A)(1))**

520.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

521.    In placing the Ninth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to begin the call with a statement that the purpose of the call is to make a sale, Defendants knowingly violated O.A.C. §109:4-3-11(A)(1) and R.C. §1345.02(A).

522.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 164

**(Ninth Call – Violation of the CSPA, R.C. §1345.02(A))**

523.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

524.    In acting as a telephone solicitor with respect to the Ninth Call, without having obtained a certificate of registration from the Ohio Attorney General, Defendants knowingly

violated R.C. §4719.02(A), which constitutes a knowing violation of R.C. §1345.02(A).

525.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 165

### (Ninth Call – Violation of the CSPA, R.C. §1345.02(A))

526.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

527.    In failing within the first 60 seconds of the Ninth Call to state the solicitor's or salesperson's true name and the company on whose behalf the solicitation is being made, Defendants knowingly violated R.C. §4719.06(A)(1), which constitutes a knowing violation of R.C. §1345.02(A).

528.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 166

### (Ninth Call – Violation of the CSPA, R.C. §1345.02(A))

529.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

530.    In failing within the first 60 seconds of the Ninth Call to state that the purpose of the call was to effect a sale, Defendants knowingly violated R.C. §4719.06(A)(2), which constitutes a knowing violation of R.C. §1345.02(A).

531.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to

an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 167

### (Ninth Call – Violation of the CSPA, R.C. §1345.02(A))

532.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

533.     In failing within the first 60 seconds of the Ninth Call to identify the goods or services being sold, Defendants knowingly violated R.C. §4719.06(A)(3), which constitutes a knowing violation of R.C. §1345.02(A).

534.     Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 168

### (Ninth Call – Violation of the CSPA, R.C. §1345.02(A))

535.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

536.     In acting as a telephone solicitor with respect to the Ninth Call, without having obtained a bond, Defendants knowingly violated R.C. §4719.04, which constitutes a knowing violation of R.C. §1345.02(A).

537.     Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 169

**(Tenth Call – Violation of the TCPA and TCPA Regulations,
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4))**

538.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

539.    In placing the Tenth Call to deliver a telephone advertising solicitation call to Plaintiff's residence, without providing to Plaintiff voluntarily during the course of the Tenth Call the name of the person or entity on whose behalf the call is being made, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4).

540.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

**COUNT 170**

**(Tenth Call – Violation of the TCPA and TCPA Regulations,
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4))**

541.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

542.    In placing the Tenth Call to deliver a telephone advertising solicitation call to Plaintiff's residence, without providing to Plaintiff voluntarily during the course of the Tenth Call the caller's telephone number or address at which the entity may be contacted, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4).

543.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 171

### (Tenth Call –Violation of the TCPA and TCPA Regulations,
### 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))

544.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

545.    In placing the Tenth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to record Plaintiff's name and telephone number on Its Do-Not-Call List pursuant to Plaintiff's request, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

546.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 172

### (Tenth Call – Violation of the TCPA and TCPA Regulations,
### 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2))

547.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

548.    In placing the Tenth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to train the person making the call in the proper maintenance and use of Its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2).

549.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 173

### (Tenth Call – Violation of the TCPA and TCPA Regulations, 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))

550.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

551.    In placing the Tenth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

552.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 174

### (Tenth Call – Violation of the TCPA and TCPA Regulations, 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))

553.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

554.    In placing the Tenth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

555.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 175

### (Tenth Call – Violation of the CSPA, R.C. §1345.02(A))

556.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

557.    In placing the Tenth Call to deliver a telephone advertising solicitation call to Plaintiff's residence, and failing to voluntarily state the name of the person or entity on whose behalf the call is being made, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4), which constitutes a knowing violation of §1345.02(A).

558.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 176

### (Tenth Call – Violation of the CSPA, R.C. §1345.02(A))

559.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

560.    In placing the Tenth Call to deliver a telephone advertising solicitation call to Plaintiff's residence, without providing to Plaintiff voluntarily during the course of the Tenth Call the caller's telephone number or address at which the entity may be contacted, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4), which constitutes a knowing violation of §1345.02(A).

561.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award

of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 177

### (Tenth Call – Violation of the CSPA, R.C. §1345.02(A))

562.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

563.     In placing the Tenth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to record Plaintiff's name and telephone number on Its Do-Not-Call List pursuant to Plaintiff's request, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), which constitutes a knowing violation of R.C. §1345.02(A).

564.     Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 178

### (Tenth Call – Violation of the CSPA, R.C. §1345.02(A))

565.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

566.     In placing the Tenth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to train the person making the call in the proper maintenance and use of Its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2), which constitutes a knowing violation of R.C. §1345.02(A).

567.     Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award

106

of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 179

### (Tenth Call – Violation of the CSPA, R.C. §1345.02(A))

568.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

569.     In placing the Tenth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to maintain a record of Plaintiff's previous demand that the caller place his name on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), which constitutes a knowing violation of R.C. §1345.02(A).

570.     Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 180

### (Tenth Call – Violation of the CSPA, R.C. §1345.02(A))

571.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

572.     In placing the Tenth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to honor Plaintiff's previous demand that the caller place his name on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), which constitutes a knowing violation of R.C. §1345.02(A).

573.     Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award

of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 181

### (Tenth Call – Violation of the CSPA, R.C. §1345.02(A) and O.A.C. §109:4-3-11(A)(1))

574.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

575.    In placing the Tenth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to begin the call with a statement that the purpose of the call is to make a sale, Defendants knowingly violated O.A.C. §109:4-3-11(A)(1) and R.C. §1345.02(A).

576.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 182

### (Tenth Call – Violation of the CSPA, R.C. §1345.02(A))

577.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

578.    In acting as a telephone solicitor with respect to the Tenth Call, without having obtained a certificate of registration from the Ohio Attorney General, Defendants knowingly violated R.C. §4719.02(A), which constitutes a knowing violation of R.C. §1345.02(A).

579.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 183

### (Tenth Call – Violation of the CSPA, R.C. §1345.02(A))

580.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

581.    In failing within the first 60 seconds of the Tenth Call to state the solicitor's or salesperson's true name and the company on whose behalf the solicitation is being made, Defendants knowingly violated R.C. §4719.06(A)(1), which constitutes a knowing violation of R.C. §1345.02(A).

582.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 184

### (Tenth Call – Violation of the CSPA, R.C. §1345.02(A))

583.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

584.    In failing within the first 60 seconds of the Tenth Call to state that the purpose of the call was to effect a sale, Defendants knowingly violated R.C. §4719.06(A)(2), which constitutes a knowing violation of R.C. §1345.02(A).

585.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 185

### (Tenth Call – Violation of the CSPA, R.C. §1345.02(A))

586.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing

paragraphs.

587.    In failing within the first 60 seconds of the Tenth Call to identify the goods or services being sold, Defendants knowingly violated R.C. §4719.06(A)(3), which constitutes a knowing violation of R.C. §1345.02(A).

588.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 186

### (Tenth Call – Violation of the CSPA, R.C. §1345.02(A))

589.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

590.    In acting as a telephone solicitor with respect to the Tenth Call, without having obtained a bond, Defendants knowingly violated R.C. §4719.04, which constitutes a knowing violation of R.C. §1345.02(A).

591.    Because Defendants knowingly violated R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages in the amount of $200 pursuant to R.C. §1345.09(B) and an award of his reasonable attorney's fees and costs pursuant to R.C. §1345.09(F).

## COUNT 187

### (Declaratory Judgment Pursuant to R.C. §2721.03)

592.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

593.    Plaintiff hereby prays for the Court to enter Declaratory Judgment in his favor pursuant to R.C. §2721.03, as follows:

(a)     That a caller violates 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4) when it fails voluntarily to state the name of the individual caller;

(b)     That a caller violates 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4) when it fails to voluntarily state the name of the person  or entity on whose behalf the call is being made;

(c)     That a caller violates 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(4) when it fails voluntarily to state the caller's telephone number or address of the person or entity at which the person or entity may be contacted;

(d)     That a caller violates 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3) when it fails to record a recipient's name and telephone number on its Do-Not-Call List upon the recipient's demand;

(e)     That a caller violates 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2) when it fails to train its representative in the maintenance and use of its Do-Not-Call List;

(f)     That a caller violates 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(1) when it fails to send a recipient a copy of its Do-Not-Call Maintenance Policy upon the recipient's demand;

(g)     That a caller violates 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6) when it fails to maintain a record of the recipient's previous demand that the caller place the recipient's name and telephone number on its Do-Not-Call List; and

(h)     That a caller violates 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3) and (6) when it fails to honor the recipient's previous demand that the caller place the recipient's name and telephone number on its Do-Not-Call List.

594.    Plaintiff hereby prays for the Court to enter Declaratory Judgment in his favor

pursuant to R.C. §2721.03, as follows:

(a)     That a caller violates R.C. §1345.02(A) when it fails voluntarily to state the name of the individual caller;

(b)     That a caller violates R.C. §1345.02(A) when it fails to voluntarily state the name of the person or entity on whose behalf the call is being made;

(c)     That a caller violates R.C. §1345.02(A) when it fails voluntarily to state the caller's telephone number or address of the person or entity at which the person or entity may be contacted;

(d)     That a caller violates R.C. §1345.02(A) when it fails to record the name and telephone number of a recipient who is a consumer on its Do-Not-Call List upon the recipient's demand;

(e)     That a caller violates R.C. §1345.02(A) when it fails to train its representative in the maintenance and use of its Do-Not-Call List;

(f)     That a caller violates R.C. §1345.02(A) when it fails to send a recipient who is a consumer a copy of its Do-Not-Call Maintenance Policy upon the recipient's demand;

(g)     That a caller violates R.C. §1345.02(A) when it fails to maintain a record of the recipient's previous demand that the caller place on its Do-Not-Call List the name and telephone number of the recipient who is a consumer;

(h)     That a caller violates R.C. §1345.02(A) when it fails to honor the recipient's previous demand that the caller place on its Do-Not-Call List the name and telephone number of the recipient who is a consumer;

(i)     That a caller violates O.A.C. §109:4-3-11(A)(11) and R.C. §1345.02(A) when it fails to state, at the beginning of the call, that the purpose of the call was to make a sale;

112

(j)     That a caller violates R.C. §1345.02(A) when it violates R.C. §4719.02(A) by acting as a telephone solicitor without first having obtained a certificate of registration from the Ohio Attorney General;

(k)     That a caller violates R.C. §1345.02(A) when it violates R.C. §4719.04 by acting as a telephone solicitor without having obtained a bond;

(l)     That a caller violates R.C. §1345.02(A) when it violates R.C. §4719.06(A)(1) by failing within the first 60 seconds of the call to state the solicitor's or salesperson's true name and the company on whose behalf the solicitation is being made;

(m)     That a caller violates R.C. §1345.02(A) when it violates R.C. §4719.06(A)(2) by failing within the first 60 seconds of the call to state that the purpose of the call is to effect a sale; and

(n)     That a caller violates R.C. §1345.02(A) when it violates R.C. §4719.06(A)(3) by failing within the first 60 seconds of the call to identify the goods or services being sold.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff hereby prays for the following relief on the foregoing claims against Defendants:

A.     For each of Plaintiff's claims under the TCPA, an award of statutory damages in the amount of $500 for each of Defendants' violations of the TCPA pursuant to 47 U.S.C. 227(c)(5)(B);

B.     For each of Plaintiff's claims under the TCPA, an award of statutory damages in the trebled amount of $1,500 for each of Defendants' knowing and/or willful violations of the TCPA pursuant to 47 U.S.C. 227(c)(5)(B);

C.     For each of Plaintiff's claims under the CSPA, an award of minimum statutory

113

damages in the amount of $200 for Defendants' knowing violations of the CSPA, and an award of

Plaintiff's reasonable attorney's fees and costs pursuant to R.C. §1345.09(F);

      D.      As to Count 187, declaratory judgment as prayed for hereinabove; and

      E.      All such other relief, legal and equitable, as permitted by law.

                    Respectfully submitted,

                    /s/ John W. Ferron_____
                    John W. Ferron
                    Ohio Bar No. 0024532
                    jferron@ferronlaw.com
                    FERRON & ASSOCIATES
                    A Legal Professional Association
                    580 North Fourth Street, Suite 450
                    Columbus, Ohio 43215–2125
                    (614) 228–5225, 228–3255 fax

                    Trial Attorney for Plaintiff
                    Philip J. Charvat

Of Counsel to Plaintiff:

Lisa A. Wafer
Ohio Bar No. 0074034
lwafer@ferronlaw.com
Jessica G. Fallon
Ohio Bar No. 0079169
jfallon@ferronlaw.com
FERRON & ASSOCIATES
A Legal Professional Association
580 North Fourth Street, Suite 450
Columbus, Ohio 43215–2125
(614) 228–5225, 228–3255 fax

**<u>JURY DEMAND</u>**

      Plaintiff hereby demands a trial by jury on all of his claims against Defendants.

                    /s/ John W. Ferron_____
                    John W. Ferron
                    Ohio Bar No. 0024532